IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-CR-00165-M-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CHRISTOPHER SHINGLETON,

     Defendant.

ORDER

This matter comes before the court on Defendant's pro se Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [DE 84], his Supplement to the motion [DE 86], Defendant's Notice (DE 89) concerning the motion, and the United States' response in opposition to the motion (DE 102). Liberally construed, Defendant's motion asks the court, in light of the November 2023 amendments to the policy statements in U.S. Sentencing Guidelines § 1B1.13, to reduce his sentence to "align with this court's intent" at the April 2021 sentencing hearing—i.e., reduce the sentence by twenty-two (22) months for time the Defendant served in state custody during the federal proceedings.

The United States is correct that, at the April 2021 sentencing hearing, this court did not express any belief that Defendant would receive jail credit nor any intent to order that Defendant's state and federal sentences run concurrently. *See* Tr., DE 93. However, on February 28, 2024, Defendant filed a notice, informing the court that "the BOP will be contacting the court for its position concerning a nunc pro tunc designation for concurrency with the later imposed state sentence." DE 89. The court, in fact, received a letter from the Bureau of Prisons ("BOP") on

March 5, 2024, "requesting guidance as to how Mr. Shingleton's federal sentence should run with respect to sentences he has served with the State of North Carolina." *See* February 26, 2024 Letter, *attached*.

The court concludes that two errors concerning this letter cause the court to find an extraordinary and compelling reason to grant Defendant's motion in part. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted) (emphasis in original); *see also United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024) (affirming that, following the November 2023 policy statement amendments, "district courts [sh]ould consider any extraordinary and compelling reasons for release raised by a defendant"). First, the letter was never filed on the case docket and, thus, was not made available to either party during the course of adjudicating this matter. Second, the letter contains a sixty-day deadline by which the BOP requested a response from the court before "complet[ing] its review and mak[ing] a decision regarding this case." The court intended to permit counsel to comment before it responded to the BOP; however, the failure to docket the letter resulted in the deadline passing without action. Defendant's current recorded release date is November 10, 2026. *See* https://www.bop.gov/inmateloc/, last visited November 19, 2024. According to the BOP, a release date in November 2026 would indicate that the BOP has denied Defendant's request to credit the time he served in state custody. *See attached*.

The BOP also advises that the state court, at a sentencing hearing one week following the April 2021 sentencing hearing in this case, ordered that its sentence run concurrently with the federal sentence. *See attached*. Having considered the facts and circumstances underlying the

2

state charge(s), as well as the circumstances surrounding the federal charges in this case, the state court had a fully informed perspective on the matter and appeared to be in an ideal position to determine whether the Defendant's state sentence should run concurrently or consecutively. Under appropriate circumstances, this court typically would defer to the findings of the subsequent judicial officer and would have done so in this case.

For these reasons, Defendant's motion [DE 84, 86] is GRANTED IN PART AND DENIED IN PART as follows. The BOP advises that its calculation of the Plaintiff's requested reduction would result in a release date in July 2025, which is sixteen months sooner than Defendant's current release date. The court finds sixteen months to be an appropriate reduction under the circumstances presented here.

Accordingly, the Clerk of the Court is directed to issue an Amended Judgment reducing the Defendant's sentence to a term of sixty-two (62) months' imprisonment on each count, to be served concurrently. All other aspects of the court's Judgment (DE 66) remain in effect.

SO ORDERED this 20th day of November, 2024.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

Federal Bureau of Prisons

*Designation and Sentence Computation Center*

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

RECEIVED

MAR 0 5 2024

RICHARD E. MYERS II
U.S. DISTRICT JUDGE
E. DIST. N. CAROLINA
WILMINGTON, NC

February 26, 2024

The Honorable Richard E. Myers II
Chief United States District Court Judge
for the Eastern District of North Carolina
Alton Lennon Federal Building and United States Courthouse
2 Princess Street
Wilmington, North Carolina 28401

**RE:  SHINGLETON, Christopher Bryan**
       Register Number: 15414-509
       Case Number: 7:20-CR-165-1-M

Dear Chief Judge Myers:

On April 7, 2021, Christopher Shingleton was sentenced by the
Court to a 78-month total term of confinement for Bank Robbery
and Interference with Commerce by Robbery and Aid and Abetting.
Mr. Shingleton has requested credit for time spent in service of
a state sentence, which the Bureau of Prisons (Bureau) considers
a request for a retroactive designation, which would in turn make
his federal sentence concurrent with his state term.  This would
be accomplished by the Bureau designating the state institution
for service of his federal sentence under 18 U.S.C. § 3621(b).
Such action would thereby reduce the total amount of time spent
in custody.  In Setser v. United States, 566 U.S. 231, 237
(2012), the United States Supreme Court held that the authority
to order a federal sentence concurrent with or consecutive to any
other sentence rests with the federal sentencing court.  The
Bureau is requesting guidance as to how Mr. Shingleton's federal
sentence should run with respect to sentences he has served with
the State of North Carolina.

At the time the federal sentence was imposed, Mr. Shingleton was
under the primary jurisdiction of state authorities in North
Carolina, and in federal custody pursuant to a writ of habeas
corpus.  The respective Judgment in a Criminal Case was silent
regarding any relationship with the forthcoming action by the
state.  Following sentencing, Mr. Shingleton was returned to
state authorities and the U.S. District Court Judgment was filed
as a detainer.

On April 15, 2021, Mr. Shingleton was sentenced by the State of North Carolina to an 8 to 19-month term of imprisonment for Obtain Property False Pretense, in Carteret County Superior Court Case Number 19CRS052078. The state information received by the Bureau indicates the court ordered the sentence to run concurrently with the federal sentence. On April 16, 2021, Mr. Shingleton was sentenced to a 60-day concurrent total term of imprisonment in the following Carteret County District Court Cases: Case Number 19CR 050924, for Intoxicated and Disruptive and Injury to Real Property; Case Number 19CR 051778, for Fail to Work After Paid; and Case Number 19CR 051712, for Fail to Work After Paid. The state information received by the Bureau indicates the court ordered the sentences to run concurrently with the federal sentence. On April 22, 2021, Mr. Shingleton's state obligations were satisfied, and he was released to the federal detainer on April 30, 2021, to commence the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the Court indicate the sentence is to run concurrently with the state terms, the Bureau will commence the federal sentence in the above judgment on the date of imposition, which will result in Mr. Shingleton's release from Bureau custody on or about July 4, 2025. Should the Court indicate the sentence is to run consecutively to the state terms, he will continue to a current projected release date of November 24, 2026.

We respectfully request that you please advise us in writing at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

Marcus Eanos for

Kathy Williams, Section Chief
Sentence Computations

mgb
cc:   Felice Corpening, Criminal Division Chief AUSA
      Christopher Eiden, Supervisory USPO