UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Christopher Bryan Shingleton**                    **Docket No. 7:20-CR-165-1M**

### Petition for Action on Supervised Release

COMES NOW Jay Kellum, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Christopher Bryan Shingleton, who, upon an earlier plea of guilty to Bank Robbery, in violation of 18 U.S.C. § 2113(a) and Interference with Commerce by Robbery and Aid and Abetting, in violation of 18 U.S.C. §§ 1951 and 2, was sentenced by the Honorable Richard E. Myers II, Chief United States District Judge, on April 7, 2021, to the custody of the Bureau of Prisons for a term of 78 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of three years. On November 22, 2024, the term of imprisonment was reduced to 62 months.

Christopher Bryan Shingleton was released from custody on July 10, 2025, at which time the term of supervised release commenced.

A violation report was submitted on August 11, 2025, advising Shingleton tested positive for amphetamine, methamphetamine, and marijuana on July 29, 2025. Supervision was permitted to continue.

On August 27, 2025, the Court approved a Petition for Action on Supervised Release after the defendant tested positive for methamphetamine. The defendant was ordered to participate in a cognitive behavioral program.

On October 23, 2025, the Court approved a Petition for Action on Supervised Release after the defendant tested positive for methamphetamine. The defendant was ordered to participate in the Location Monitoring: Radio Frequency program for a period not to exceed 60 consecutive days.

A violation report was submitted on February 20, 2026, advising Shingleton was in arrearage on his financial obligations ordered by the court. Supervision was permitted to continue.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

### IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

2. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

4. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

6. The defendant shall provide the probation office with access to any requested financial information.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant possessed amphetamines and methamphetamine, as evidenced by tests conducted on June 15, 2026, which yielded positive results for amphetamine and methamphetamine. The defendant admitted to using methamphetamine a week prior to this test. The sample was packaged for shipment to Abbott Laboratories for confirmation. Shingleton was reprimanded for his conduct and expressed remorse for his actions. The defendant is actively engaged in substance abuse treatment and has been accepted into an inpatient treatment facility within the Eastern District of North Carolina.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As Christopher Shingleton is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectfully recommends the defendant be permitted to continue supervision in lieu of revocation at this time and fully complete the inpatient treatment program. Any subsequent substance use, or failure to complete the inpatient program will be reported to the court.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Christopher Bryan Shingleton
Docket No. 7:20-CR-165-1M
Petition For Action
Page 4

Reviewed and approved,

I declare under penalty of perjury that the foregoing
is true and correct.

/s/ Melissa K. Lunsmann
Melissa K. Lunsmann
Supervising U.S. Probation Officer

/s/ Jay Kellum
Jay Kellum
U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5109
Executed On: July 2, 2026

**ORDER OF THE COURT**

Considered and ordered this ___7th___ day of ___July___, 2026, and ordered filed and
made a part of the records in the above case.

Richard E. Myers II
Chief United States District Judge